# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY ARCENEAUX | CIVIL ACTION NO. 08-1114 |
| VS. | SECTION P |
| WARDEN J.P. YOUNG, ET AL. | JUDGE MELANCON |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a civil action seeking the issuance of a temporary restraining order and preliminary injunction filed by *pro se* plaintiff, Rodney Arceneaux. [rec. docs. 1 and 4]. Plaintiff, a prisoner in the custody of the Federal Bureau of Prisons, names Federal Correctional Institute Warden J.P. Young, FCI Captain Melissa Rios, FCI Special Investigation Agent Dayna Buck, FCI Special Investigation S John Gordon and FCI librarian Mrs. Green as defendants.

Review of the record in this action reveals that when plaintiff filed his lawsuit, plaintiff was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. However, after the filing of this lawsuit, plaintiff was transferred to the Federal Correctional Institute in Yazoo City, Missouri.

## STATEMENT OF THE CASE

In his pleadings, plaintiff complains that while he was incarcerated at the Federal Correctional Institute in Oakdale, Louisiana he was housed in the general population instead of a protective housing unit in violation of his right to due process and equal

protection. Specifically, plaintiff complains that while at FCI Oakdale, he was not provided with protective custody housing because he is a black, and that because of his refusal to "program" (return to the general population) he has received disciplinary action. Plaintiff further complains that he was provided with inadequate time in the law library and the unit in which he was housed is inadequately supplied with law books in violation of his first amendment right to access the courts. Accordingly, plaintiff seeks to enjoin the defendants from discriminating in their housing determination, from imposing disciplinary action for plaintiff's conduct which he believes is not prohibited, and from restricting his access to the law library and law books.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## LAW AND ANALYSIS

By this action, plaintiff seeks the issuance of a temporary restraining order and preliminary injunction against Oakdale, Louisiana Federal Correctional Institute defendants.

In order to obtain a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure, it is necessary for plaintiff to show by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result to him before the respondents can be heard in opposition, and plaintiff must certify to the court in

writing the efforts which have been made to give notice to the adverse party or reasons why notice should not be required. Plaintiff has failed to satisfy either requirement.

In order to obtain a preliminary injunction, the plaintiff must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 at fn. 15 (5th Cir.2001) *citing Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir.1976). Indeed, this finding is the "most essential" prior to issuance of a preliminary injunction. *Id.* The movant must prove all four elements and failure to prove any one of them will result in denial of the request. *Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir.1985).

The standard for issuance of a permanent injunction is essentially the same as that for issuance of a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success. *Dresser-Rand Co. v. Virtual Automation, Inc.,* 361 F.3d 831, 847-848 (5th Cir. 2004) *citing Amoco Prod. Co. v. Village of Gambell,* 480 U.S. 531, 546 n. 12, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987).

Plaintiff fails to satisfy the second and most essential element, a substantial threat that failure to grant injunctive relief will result in irreparable injury. Since the filing of the instant lawsuit, plaintiff has been transferred to another prison operated by the Federal Bureau of Prisons, the Federal Correctional Center in Yazoo City, Missouri, where it is likely he will remain until the completion of his sentence. Thus, the named defendants, employees of the Federal Correctional Institute in Oakdale, Louisiana, are no longer responsible for housing the plaintiff, in either general or protective custody, or for providing plaintiff with access to a law library or law books. Moreover, because he has been transferred, plaintiff can not demonstrate that he is or will suffer any immediate, irreparable injury at the hands of FCI Oakdale, Louisiana employees.

The transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) *citing Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (*per curiam*) (plaintiff's individual suit challenging parole procedures mooted by release absent "demonstrated probability" that he would again be subject to parole board's jurisdiction); *Cooper v. Sheriff, Lubbock County, Tex*., 929 F.2d 1078, 1084 (5th Cir.1991) (*per curiam*) (holding that prisoner transferred out of offending institution could not state a claim for injunctive relief); *Holland v. Purdy*, 457 F.2d 802, 802-803 (5th Cir. 1972) (claim for injunctive relief moot when plaintiff transferred to another institution).

In order for plaintiff's claims to remain viable, he would have to establish either a "demonstrated probability" or a "reasonable expectation" that he would be transferred back to FCI Oakdale or released and then re-incarcerated there. *Oliver*, 276 F.3d at 741 *citing Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). Plaintiff has failed to make this showing. To the contrary, under the circumstances presented here, and given the multitude of prisons operated by the Federal Bureau of Prisons, there is no reasonable probability that plaintiff will be transferred back to FCI Oakdale or that he will be re-incarcerated there; the mere possibility of transfer back to FCI Oakdale is too speculative to warrant relief. *See Herman*, 238 F.3d at 665*; Murphy*, 455 U.S. at 482. Accordingly, plaintiff's requests for injunctive relief are moot and his requests should therefore be denied and this case dismissed. Accordingly;

**IT IS RECOMMENDED** that plaintiff's requests for the issuance of a temporary restraining order and preliminary injunction be **DENIED** and that this civil action be **DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 8th day of December, 2008.

                                                                                         C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE